UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY
CASE NO. **05-22672 CIV-MOORE**

MAGISTRATE JUDGE
GARBER

INTERCOASTAL MANAGEMENT, LTD.,
a Florida Limited Partnership,

      Plaintiff,
vs.

*M/V Twin Vee*, *in rem*; JACOB GITMAN,
*in personam*; *M/V Dam Near Free*, *in rem*;
MICHAEL WEISS, *in personam*; *M/V De
La Carida*, *in rem*; IVAN MENDEZ, *in
personam*; *M/V Ama*; *in rem*; PAUL
LEVINSON, *in personam*; *M/V Oriana*,
*in rem*; *M/V Oriana II*, *in rem*;
GARY CLOW, *in personam*; *M/V Azmit*,
*in rem*; ROMAN STARK, *in personam*;
*M/V Blue Diamond*, *in rem*; ALEXANDER
J. PYATSKY, *in personam*; *M/V Triple M*,
*in rem* and JOHN DOE, as Owner of the
*Triple M*, *in personam*,

      Defendants.
_____/

**VERIFIED COMPLAINT**

The Plaintiff, INTERCOASTAL MANAGEMENT, LTD. (hereinafter "INTERCOASTAL"), by and through its undersigned counsel, files this Complaint against the *M/V Twin Vee*, JACOB GITMAN (hereinafter "GITMAN"), *M/V Dam Near Free*, MICHAEL WEISS (hereinafter "WEISS"), *M/V De La Carida*, IVAN MENDEZ (hereinafter "MENDEZ"), *M/V Ama*, PAUL LEVINSON (hereinafter "LEVINSON"), *M/V Oriana*, *M/V Oriana II*, GARY CLOW (hereinafter "CLOW"), *M/V Azmit*, ROMAN STARK (hereinafter "STARK"), *M/V Blue Diamond*, ALEXANDER J. PYATSKY (hereinafter "PYATSKY"), *M/V Triple M*, and JOHN DOE as Owner of the *M/V Triple M*, and states as follows:

1. This is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the jurisdiction of this Court pursuant to 46



U.S.C. §31301 *et seq*.

2. At all material times, Plaintiff, INTERCOASTAL was and is a Florida Limited Partnership with its principal place of business located at 19501 Biscayne Boulevard, Suite 400, Aventura, Florida 33180.

3. At all material times herein, upon information and belief, the Defendant vessel *Twin Vee,* is and was a motor vessel, registered in the State of Florida with Florida Registration No. 2224 MYM, and is and will be during the pendency of this action within the Southern District of Florida.

4. At all material times herein, and upon information and belief, Defendant GITMAN, is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16400 Collins Avenue, Suite 841, Sunny Isles Beach, Florida 33160, and the owner of the *in rem* Defendant vessel *Twin Vee*.

5. At all material times herein, upon information and belief, the Defendant vessel *Dam Near Free* is and was a 2600 Vector motor vessel, and is and will be during the pendency of this action within the Southern District of Florida.

6. At all material times herein, and upon information and belief, Defendant WEISS is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16500 Collins Avenue, Suite 856, Sunny Isles Beach, Florida 33160, and the owner of the *in rem* Defendant vessel *Dam Near Free*.

7. At all material times herein, upon information and belief, the Defendant vessel *De La Carida* is and was a 45 foot motor vessel, registered in the State of Florida with Florida Registration No. CDRNA042A101, and is and will be during the pendency of this action within the Southern District of Florida.

8. At all material times herein, and upon information and belief, Defendant MENDEZ is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16400 Collins Avenue, Suite 1143, Sunny Isles, Florida 33160, and the owner of the *in rem* Defendant *De La Carida*.

9. At all material times herein, upon information and belief, the Defendant vessel *Ama* is and was a Fiesta Vee 31 foot motor vessel, registered in the State of Florida with Florida Registration No. 7559LK, and is and will be during the pendency of this action within the Southern District of Florida.

10. At all material times herein, and upon information and belief, Defendant LEVINSON is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16500 Collins Avenue, Suite 2851, Sunny Isles Beach, Florida 33160, and the owner of the *in rem* Defendant *Ama*.

11. At all material times herein, upon information and belief, the Defendant vessel *Oriana* is and was a motor vessel, registered in the State of New York with New York Registration No. NY9983UW, and is and will be during the pendency of this action within the Southern District of Florida.

12. At all material times herein, upon information and belief, the Defendant vessel *Oriana II* is and was a motor vessel, registered in the State of New York with New York Registration No. NY1968MB, and is and will be during the pendency of this action within the Southern District of Florida.

13. At all material times herein, and upon information and belief, Defendant CLOW is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16425 Collins Avenue, Suite 318, Sunny Isles Beach, Florida 33160, and the owner of the *in rem*

Defendants *Oriana* and *Oriana II*.

14. At all material times herein, upon information and belief, the Defendant vessel *Azmit* is and was a Blue Nomad 42 foot motor vessel, and is and will be during the pendency of this action within the Southern District of Florida.

15. At all material times herein, and upon information and belief, Defendant STARK is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 16500 Collins Avenue, Suite 2151, Sunny Isles Beach, Florida 33160, and the owner of the *in rem* Defendant *Azmit*.

16. At all material times herein, upon information and belief, the Defendant vessel *Blue Diamond* is and was a 2002, 42.9-foot motor vessel, Coast Guard documented with Official No. 1134452, and is and will be during the pendency of this action within the Southern District of Florida.

17. At all material times herein, and upon information and belief, Defendant PYATSKY is *sui juris* and a resident of Miami-Dade County, Florida with a residential address of 3370 Northeast 190th Street, Apt. 2112, Aventura, Florida 33180 and the owner of the *in rem* Defendant *Blue Diamond*.

18. At all material times herein, upon information and belief, the Defendant vessel *Triple M* is and was a 34' Sea Ray Sundancer with a home port of Fort Lauderdale, Florida, and is and will be during the pendency of this action within the Southern District of Florida.

19. At all material times herein, and upon information and belief, Defendant JOHN DOE is *sui juris* and the owner of the *in rem* Defendant *Triple M*. When the identity of Defendant JOHN DOE is ascertained, Plaintiff will substitute him in for JOHN DOE.

## COUNT I - *NECESSARIES* LIEN PURSUANT TO 46 U.S.C. §31301, *et seq.*

20.   Plaintiff realleges and reavers paragraphs 1 through 15 as if fully set forth herein.

### *Twin Vee*

21.   On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessel, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessel's owners, charterers and/or agents. Plaintiff's services for the Defendant vessel are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "1."

22.   The Defendant vessel has failed to pay for these services at Plaintiff's office in the amount of Seven Thousand Two Hundred Forty-One and 10/100 Dollars ($7,241.10) without interest, despite repeated demand for payment submitted to the Defendant vessel *Twin Vee* and/or her owner, charterer or agent as more fully set forth in Exhibit "1."  Plaintiff reserves its ability to add to this amount any costs incurred for *necessaries* up through the time of judgment.

### *Dam Near Free*

23.   On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessel, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessel's owners, charterers and/or agents. Plaintiff's services for the Defendant vessel are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "2."

24.   The Defendant vessel has failed to pay for these services at Plaintiff's office in the amount of Thirteen Thousand Eight Hundred Forty-Nine and 98/100 Dollars ($13,849.98) without interest, despite repeated demand for payment submitted to the Defendant vessel *Dam Near Free* and/or her owner, charterer or agent as more fully set forth in Exhibit "2."  Plaintiff

reserves its ability to add to this amount any costs incurred for *necessaries* up through the time of judgment.

### *De La Carida*

25.     On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessel, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessel's owners, charterers and/or agents. Plaintiff's services for the Defendant vessel are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "3."

26.     The Defendant vessel has failed to pay for these services at Plaintiff's office in the amount of Ten Thousand Six Hundred Forty-One and 15/100 Dollars ($10,641.15) without interest, despite repeated demand for payment submitted to the Defendant vessel *De La Carida* and/or her owner, charterer or agent as more fully set forth in Exhibit "3." Plaintiff reserves its ability to add to this amount any costs incurred for *necessaries* up through the time of judgment.

### *Ama*

27.     On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessel, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessel's owners, charterers and/or agents. Plaintiff's services for the Defendant vessel are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "4."

28.     The Defendant vessel has failed to pay for these services at Plaintiff's office in the amount of Thirteen Thousand Four Hundred Seventy-Three and 09/100 Dollars ($13,473.09) without interest, despite repeated demand for payment submitted to the Defendant vessel *Ama* and/or her owner, charterer or agent as more fully set forth in Exhibit "4." Plaintiff reserves its

ability to add to this amount any costs incurred for *necessaries* up through the time of judgment.

### *Oriana* and *Oriana II*

29.     On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessels, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessels' owners, charterers and/or agents. Plaintiff's services for the Defendant vessels are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "5."

30.     The Defendant vessels have failed to pay for these services at Plaintiff's office in the amount of Twenty-Two Thousand Nine Hundred Nineteen and 40/100 Dollars ($22,919.40) without interest, despite repeated demand for payment submitted to the Defendant vessels *Oriana* and *Oriana II* and/or her owner, charterer or agent as more fully set forth in Exhibit "5." Plaintiff reserves its ability to add to this amount any costs incurred for *necessaries* up through the time of judgment.

### *Azmit*

31.     On or about January 1, 2003 through the present, Plaintiff INTERCOASTAL provided *necessaries* to the Defendant vessel, to-wit: dockage and electric, along with state sale's tax, pursuant to an agreement between Plaintiff and Defendant vessel's owners, charterers and/or agents. Plaintiff's services for the Defendant vessel are in accordance with the exhibit hereto attached and incorporated by reference, as Plaintiff's Exhibit "6."

32.     The Defendant vessel has failed to pay for these services at Plaintiff's office in the amount of Fifteen Thousand One Hundred Seven and 80/100 Dollars ($15,107.80) without interest, despite repeated demand for payment submitted to the Defendant vessel *Azmit* and/or her owner, charterer or agent as more fully set forth in Exhibit "6." Plaintiff reserves its ability to

add to this amount any costs incurred for *necessaries* up through the time of judgment.

33. The Plaintiff is entitled to interest and late payment penalties, or alternatively, to pre-judgment interest and the costs of this proceeding.

WHEREFORE, the Plaintiff, INTERCOASTAL, prays for the following:

a) That process be issued against all the *in rem Defendants*, their engines, tackle, apparel, etc., *in rem*;

b) That all persons having or claiming interest therein may be cited to appear and answer the aforesaid matter;

c) That Plaintiff be decreed to have liens upon the Defendant vessels described herein and that such liens be foreclosed in accordance with law and thereupon that the vessels be condemned and sold in payment of the amount due and all such other sums as are owed;

d) That Plaintiff be permitted to bid the amount of their lien at the sale(s) of the said vessels at a U.S. Marshal's sale;

e) That upon proper notice and hearing, judgment be entered against the *in rem* Defendants and the *in personam* Defendants, together with prejudgment interest and costs;

f) That this Court further award Plaintiff the total amount due, pre-judgement interest and costs, and that Plaintiff be permitted to recover same from the *in personam* Defendants; and

g) For such other and further relief as this Court deems just and proper.

## COUNT II - MARITIME TRESPASS

34. Plaintiff realleges and reavers paragraphs 1 through 19 as if fully set forth herein.

35. At all material times hereto, Plaintiff INTERCOASTAL was the owner of certain parcel of real property and had the right to exercise exclusive possession and control over its docks located at 16500 Collins Avenue, Miami, Florida.

36. Plaintiff, INTERCOASTAL did not give the Defendants, *Blue Diamond*, PYATSKY, *Triple M* and/or JOHN DOE permission to tie up or otherwise use its docks at anytime.

37. Defendants, *Blue Diamond*, PYATSKY, *Triple M* and JOHN DOE intentionally tied up to and used INTERCOASTAL's docks and have done so without Plaintiffs' permission.

38. Defendants, *Blue Diamond*, PYATSKY, *Triple M* and JOHN DOE made unauthorized entry upon Plaintiff, INTERCOASTAL's property and/or docks and such unauthorized entry directly and proximately caused damages to INTERCOASTAL.

DATED this 7th day of October 2005.

STROUP & MARTIN, P.A.
Attorneys for Plaintiff
119 Southeast 12th Street
Fort Lauderdale, Florida 33316
(954) 462-8808; fax 462-0278

BY: _____
JAMES W. STROUP
Fla Bar No. 0842117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.

INTERCOASTAL MANAGEMENT, LTD.,
a Florida Limited Partnership,

    Plaintiff,
vs.

*M/V Twin Vee, in rem*; JACOB GITMAN, *in personam*; *M/V Dam Near Free, in rem*; MICHAEL WEISS, *in personam*; *M/V De La Carida, in rem*; IVAN MENDEZ, *in personam*; *M/V Ama*; *in rem*; PAUL LEVINSON, *in personam*; *M/V Oriana, in rem*; *M/V Oriana II, in rem*; GARY CLOW, *in personam*; *M/V Azmit, in rem*; ROMAN STARK, *in personam*; *M/V Blue Diamond, in rem*; ALEXANDER J. PYATSKY, *in personam*; *M/V Triple M, in rem* and JOHN DOE, as Owner of the *Triple M, in personam*,

    Defendants.
_____/

## VERIFICATION

STATE OF FLORIDA    )
                                 ) SS
COUNTY OF BROWARD  )

FRANK J. PALGEMAN, being duly sworn, deposes and says:

1.    I am the Marina Director of INTERCOASTAL MANAGEMENT, LTD., the Plaintiff herein.

2.    I have read the foregoing Verified Complaint and know the contents thereof, and

the same is true to the best of my own knowledge upon information and belief.

3.   The reason that I make this verification is that INTERCOASTAL MANAGEMENT, LTD. is a Florida Limited Partnership and I am the Marina Director.

4.   The sources of my information and the grounds of my belief as to all matters stated in the Verified Complaint and based upon reports made to me by employees and the records of the corporation for which I have been authorized to make these representations.

INTERCOASTAL MANAGEMENT, LTD.

By: _____
FRANK J. PALGEMAN, Marina Director

SWORN TO AND SUBSCRIBED before me, the undersigned authority, on this _____ day of October 2005, personally appeared FRANK J. PALGEMAN, as Marina Director of the Plaintiff, INTERCOASTAL MANAGEMENT, LTD.  He is personally known to me or produced _____ as identification.

_____
Notary Public
State of Florida-at-Large

My Commission Expires:



WENDY N. GRAVE
MY COMMISSION # DD 428784
EXPIRES: September 12, 2009
Bonded Thru Notary Public Underwriters

**INTERCOASTAL MANAGEMENT LTD.**
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

# Statement

| Date |
|---|
| 9/1/2005 |

To:
Mr. Jacob Gitman    1
16400 Collins Avenue
Suite 841
Sunny Isles Beach, Fl. 33160

# PAST DUE

| | Amount Due | Amount Enc. |
|---|---|---|
| | $8,396.70 | |

| Date | Transaction | Amount | Balance |
|---|---|---:|---:|
| 05/31/2004 | Balance forward | | 0.00 |
| 05/31/2005 | INV - Opening balance | 6,085.50 | 6,085.50 |
| 06/01/2005 | Slip Rental Charge | 450.00 | 6,535.50 |
| 06/01/2005 | Electric 30 Amp | 90.00 | 6,625.50 |
| 06/01/2005 | State Sales Tax | 37.80 | 6,663.30 |
| 07/01/2005 | Slip Rental Charge | 450.00 | 7,113.30 |
| 07/01/2005 | Electric 30 Amp | 90.00 | 7,203.30 |
| 07/01/2005 | State Sales Tax | 37.80 | 7,241.10 |
| 08/09/2005 | Slip Rental Charge | 450.00 | 7,691.10 |
| 08/09/2005 | Electric 30 Amp | 90.00 | 7,781.10 |
| 08/09/2005 | State Sales Tax | 37.80 | 7,818.90 |
| 09/01/2005 | Slip Rental Charge | 450.00 | 8,268.90 |
| 09/01/2005 | Electric 30 Amp | 90.00 | 8,358.90 |
| 09/01/2005 | State Sales Tax | 37.80 | 8,396.70 |

*Handwritten: PD 1,1556.0 9/16/05*

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 2,311.20 | 0.00 | 0.00 | 0.00 | 6,085.50 | $8,396.70 |

**PAST DUE**

Exhibit "1"

# Statement

INTERCOASTAL MANAGEMENT LTD.
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

| Date |
|---|
| 9/30/2005 |

To:

Mr.Miachel Weiss        2
16500 Collins Ave.
Suite 856
Sunny Isles Beach,Fl.33160

| Amount Due | Amount Enc. |
|---|---|
| $13,849.98 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 08/31/2005 | Balance forward | | 13,368.48 |
| 09/01/2005 | Slip Rental Charge | 360.00 | 13,728.48 |
| 09/01/2005 | Electric 30 Amp | 90.00 | 13,818.48 |
| 09/01/2005 | State Sales Tax | 31.50 | 13,849.98 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 481.50 | 481.50 | 0.00 | 1,233.00 | 11,653.98 | $13,849.98 |

**Exhibit "2"**

# Statement

INTERCOASTAL MANAGEMENT LTD.
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

| Date |
|---|
| 9/30/2005 |

To:

Mr. Ivan Mendez    12
585 Balliol Street
Toronto, Ontonto M4F1E1
Canada
M41E1

| | Amount Due | Amount Enc. |
|---|---|---|
| | $10,641.15 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 08/31/2005 | Balance forward | | 9,822.60 |
| 09/01/2005 | Slip Rental Charges | 675.00 | 10,497.60 |
| 09/01/2005 | Electric 30 amp | 90.00 | 10,587.60 |
| 09/01/2005 | State Sales Tax | 53.55 | 10,641.15 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 818.55 | 818.55 | 0.00 | 1,637.10 | 7,366.95 | $10,641.15 |

Exhibit "3"

# Statement

**INTERCOASTAL MANAGEMENT LTD.**
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

| Date |
|---|
| 9/30/2005 |

**To:**
Mr.Paul Levinson          14
Tower 5
16500 Collins Avenue
Sunny Isles Beach,Fl. 33160

| Amount Due | Amount Enc. |
|---|---|
| $13,473.09 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 08/31/2005 | Balance forward | | 12,734.79 |
| 09/01/2005 | Slip Rental | 600.00 | 13,334.79 |
| 09/01/2005 | Electric 30 Amp | 90.00 | 13,424.79 |
| 09/01/2005 | State Sales Tax | 48.30 | 13,473.09 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 738.30 | 0.00 | 0.00 | 876.60 | 11,858.19 | $13,473.09 |

**Exhibit "4"**

# Statement

**INTERCOASTAL MANAGEMENT LTD.**
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

| Date |
|---|
| 9/30/2005 |

**To:**
Mr. Gary Clow    30
16425 Collins Ave.
Suite 318
Sunny Isles Beach, Fl 33160

| Amount Due | Amount Enc. |
|---|---|
| $22,919.40 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 08/31/2005 | Balance forward | | 21,828.00 |
| 09/01/2005 | Slip Rental Charge | 900.00 | 22,728.00 |
| 09/01/2005 | Electric 50 Amps, | 120.00 | 22,848.00 |
| 09/01/2005 | Sales Tax | 71.40 | 22,919.40 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 1,091.40 | 1,091.40 | 0.00 | 2,182.80 | 18,553.80 | $22,919.40 |

**Exhibit "5"**

# Statement

**INTERCOASTAL MANAGEMENT LTD.**
P. O. BOX 815
LOXAHATCHEE, F 33470-0815
Tel.561 791 3554  Fax.561 791 8197

| Date |
|---|
| 9/30/2005 |

**To:**
Mr.Roamn Stark    28
16500 Collins Ave.
Suite 2151
Sunny Isles Beach,Fl.33160

| Amount Due | Amount Enc. |
|---|---|
| $15,107.80 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 08/31/2005 | Balance forward | | 15,107.80 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 15,107.80 | $15,107.80 |

**Exhibit "6"**

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Intercoastal Management, Ltd.

## DEFENDANTS
M/V "Twin Vee," in rem; Jacob Gitman, in personam, et al.

CIV-MOORE

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stroup & Martin, P.A., 119 Southeast 12th Street, Fort Lauderdale, Florida 33316 Telephone: 954-462-8808

Attorneys (If Known)

MAGISTRATE JUDGE GARBER

# 05-22672

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

1:05 CV 22672 Moore-Garber

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
|  |  | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity))
46 USC 31301, et seq. - Maritime Lien for "Necessaries"

LENGTH OF TRIAL via _3_ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** $83,232.52
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/05/2005
SIGNATURE OF ATTORNEY OF RECORD: Farris J. Martin III

**FOR OFFICE USE ONLY**

RECEIPT # 535451   AMOUNT 250.00   APPLYING IFP _____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**(d)** County Where Action Arose. Check only one County.

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.